IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CT-3151-FL

| | |
|---|---|
| JOVICA PETROVIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, a former federal inmate, filed a pro se complaint in this court seeking the return of his seized personal property pursuant to Rule 41(g) of the Federal Rules of Civil Procedure. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915(e)(2).

## BACKGROUND

In 2014, plaintiff was incarcerated at the Low Security Correctional Institution in Butner, North Carolina. (Pl Ex. (DE 1-1) at 8). On August 27, 2014, he was transferred to the Special Housing Unit ("SHU"). (Compl. (DE 1) at 1). During this transfer, his personal property was inventoried and secured. (Id.). Plaintiff was released from the SHU on September 10, 2014, and his personal property was returned to him. (Id. at 2). However, plaintiff asserts that items totaling $1,207.00 were missing. (Pl. Ex. (DE 1-1) at 1). Plaintiff filed a claim for property damage or loss pursuant to 31 U.S.C. § 3723 with the Federal Bureau of Prisons ("BOP"). (Id. at 8). The BOP denied plaintiff's claim. (Id.).

# ANALYSIS

A.  Standard of Review

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they "fail[] to state a claim which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standard of review under §1915(e)(2)(B)(ii) is the same standard used to evaluate a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

B.  Discussion

Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, plaintiff seeks the return of personal property that was secured and inventoried by BOP officials. Rule 41(g) states:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

Rule 41 is vehicle for the recovery for property seized during the course of a criminal investigation. Specifically, "Rule 41 may be utilized 'to commence a civil equitable proceeding to

recover seized property that the government has retained after the end of a criminal case.'" United States v. Soza, 599 Fed. Appx. 69, 70 (4th Cir. 2015) (quoting Young v. United States, 489 F.3d 313, 315 (7th Cir.2007)); see also United States v. Garcia, 65 F.3d 17, 20 (4th Cir. 1995). Here, plaintiff was not subject to a criminal investigation, but rather his property was confiscated during a prison transfer. Thus, Rule 41 appears inapplicable on these facts.

Assuming without deciding Rule 41 may be applicable, plaintiff's claim still lacks merit. Plaintiff's filings make it clear that his property was not returned because it was lost or stolen. (See, e.g., Pl. Ex. (DE 1-1) at 10). Thus, the Government no longer possesses the property and cannot be ordered by the court to return it. See United States v. Jones, 225 F.3d 468, 470 (4th Cir.2000) (holding that a Rule 41 motion is properly denied as to destroyed or disposed of property); United States v. Redd, No. 1:97CR006(JCC), 2007 WL 4276408, at *2 (E.D. Va. Dec. 3, 2007). To the extent plaintiff instead seeks monetary damages for his lost property, the court lacks jurisdiction to award damages pursuant to Rule 41(g) due to sovereign immunity concerns. Jones, 225 F.3d at 470; Hill v. United States, No. 1:12CV92, 2013 WL 1192312, at *2 (N.D.W. Va. Mar. 22, 2013). Likewise, plaintiff has already filed a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2675, et seq. ("FTCA") related to this incident. See Petrovic v. United States, Case No. 5:15-CT-3273-D. That claim was dismissed as frivolous. (Id. at (DE 9)). Therefore, any FTCA claim is barred by *res judicata*. See SAS Inst. v. World Programming Ltd., 874 F.3d 370, 378 (4th Cir. 2017), petition for cert. filed, (U.S. April 23, 2018) (No. 17-1459) (citing Pueschel v. United States, 369 F.3d 345, 354–55 (4th Cir. 2004)).

## CONCLUSION

Based upon the foregoing, plaintiff's claims are DISMISSED as frivolous. The clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 26th day of July, 2018.

LOUISE W. FLANAGAN
United States District Judge